IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| vs. ) | **Criminal Action No. 23-00202-KD-B** |
| **ELIZABETH ELAINE PEMBERTON,** ) | |
| **Defendant.** ) | |

**ORDER**

This action is before the Court on Defendant Elizabeth Elaine Pemberton's appeal of detention order (doc. 14). Upon consideration, and for the reasons set forth herein, the order of detention (doc. 15) is affirmed.

I. Background

Pemberton was indicted for the offense of felon in possession of a firearm. The United States moved for detention. The Magistrate Judge held a detention hearing and entered an order of detention pending trial. The Magistrate Judge found that the United States had proven by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community should Pemberton be released (doc. 15).

II. Analysis

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, a defendant may be detained pending trial only after a hearing pursuant to 18 U.S.C. § 3142(f), and upon finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Here, the Magistrate Judge found that the United States had proven by "clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community" (doc. 15, p. 2).

Review of the hearing recording and the detention order indicates that the Magistrate Judge based this decision on Pemberton's criminal history which includes convictions for drug offenses, theft of property 3rd degree, burglary 3rd degree, and obstruction of justice; a history of committing new offenses while on bond or probation for other offenses; two failed attempts at substance abuse treatment; and the recent state court charges against Pemberton for robbery 1st degree, receiving stolen property 2nd degree, and drug offenses.  The Magistrate Judge found that Pemberton's criminal conduct had progressed from drug possession and burglary to stealing a firearm and firing at a female acquaintance. The latter conduct is related to the instant charge of felon in possession.  The Magistrate Judge stated that "[w]hile Defendant presented evidence that she has yet again successfully completed Lovelady residential drug treatment program and is about to begin a welding class, the undersigned finds that the circumstances surrounding the [instant] firearm charge, coupled with Defendant's propensity to incur new criminal charges while on probation or pretrial release, provides clear and convincing evidence that she is a danger to the community and that there are no conditions which will reasonably assure the safety of the community." (Id., p. 3).

"Pursuant to 18 U.S.C. § 3145, following a magistrate's order that a detainee be held without bond pending trial, the detainee may move the district court to revoke or amend the magistrate's pretrial detention order." United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). "[I]n this situation, the district court must conduct an independent [i.e., de novo] review to determine whether the magistrate properly found that pretrial detention is necessary." Id. To do so, the district court must "exercise *independent consideration* of all facts properly before it[.]" Id. (italics in original). See also S.D. Ala. Crim. LR 46.1(c) ("[u]nless additional evidence is received on review, the District Judge reviews an order of release or detention *de novo* on the record made before the Magistrate Judge.").

Pemberton does not challenge the Magistrate Judge's factual findings (doc. 14).[1] In that circumstance, the Court may, upon review of the pleadings and the evidence developed at the detention hearing, determine that the Magistrate Judge's "factual findings are supported and that the [Magistrate Judge's] legal conclusions are correct." United States v. King, 849 F.2d at 490. "The court may then explicitly adopt the magistrate's pretrial detention order. Adoption of the order obviates the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention." United States v. King, 849 F.2d at 490.

Upon *de novo* review of the indictment and Pemberton's motion, the recording of the detention hearing, the Pretrial Services Report, the order of detention, and independent consideration of the facts before the Court, the Court adopts the Magistrate Judge's factual findings and legal conclusion that the United States has shown by clear and convincing evidence that Pemberton is a danger to the safety of other persons and the community. Accordingly, Magistrate Judge Bivins' decision is affirmed.

**DONE** and **ORDERED** this the 26th day of February 2024.

     s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[1] Pemberton does not argue that the Magistrate Judge made erroneous factual findings (doc. 14). Thus, this Court need not "enter its own findings of fact" since no "factual issues remain to be resolved." United States v. King, 849 F. 2d at 490.